**02-80892**

**CIV - HURLEY**

# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

**MAGISTRATE JUDGE
SORRENTINO**

NAME: _PAULINE LOUISE ZILE_

PRISON NUMBER: _0-473555_

NAME OF PLACE OF CONFINEMENT: _BROWARD CORRECTIONAL INST._

ADDRESS OF PLACE OF CONFINEMENT: _20421 SHERIDAN STREET_

_FORT LAUDERDALE, FLORIDA 33332_

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA,

_WEST PALM BEACH_ DIVISION

CASE NO._____

(TO BE SUPPLIED BY CLERK OF U.S. DISTRICT COURT)

_PAULINE ZILE_ , PETITIONER

(FULL NAME)      (INCLUDE NAME UNDER WHICH YOU WERE CONVICTED)

VS.

_MICHAEL MOORE, ET AL_ , RESPONDENT

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER)

AND

THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, _____

_ROBERT "BOB" BUTTERWORTH_ , ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

[Rev. 1/97]

1

cat / div _W PB_
Case # _02-80892_
Judge _DTKH_   Mag _CHS_
Motn Ifp _NO_   Fee pd $ _NO_
Receipt # _____

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack and state court case number(s): _PALM BEACH COUNTY, 15th JUDICIAL_

    _CIRCUIT - CASE NO: 94-11068 CF B02_

2.  Date of judgment of conviction: _JUNE 7, 1995_

3.  Length of sentence: _LIFE AND 468 MONTHS   (468)_

4.  Sentencing judge: _JUDGE STEPHEN RAPP_

5.  Nature of offense or offenses for which you were convicted: _____

    _COUNT 1 - MURDER IN FIRST DEGREE_

    _COUNT 2 - AGGRAVATED CHILD ABUSE_

    _COUNT 3 - AGGRAVATED CHILD ABUSE_

    _COUNT 5 - AGGRAVATED CHILD ABUSE_

    _____

6.  What was your plea? (Check one)

    (a) Not guilty          (✓)
    (b) Guilty              (  )
    (c) Nolo contendere     (  )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

    _____ N/A _____

    _____

    _____

    _____

    _____

7.  Type of trial:  (Check one)

    (a) Jury  (✓)          (b) Judge only  (  )

8.  Did you testify at the trial?  Yes (  )   No (✓)

9.  Did you appeal from the judgment of the conviction?  Yes (✓)   No ( )

10. If you did appeal, answer the following:

    (a) Name of court _4ᵗʰ DISTRICT COURT OF APPEALS_

    (b) Result _DISMISSAL ON COUNT 5, AFFIRMED COUNTS 1,2+3_

    (c) Date of result _JUNE 5, 1998_

    If you filed a second appeal or filed a petition for certiorari in the Florida Supreme Court or the United States Supreme Court, give details: _GRANTED DISCRETIONARY ON_ _FEB.26,1999. REVIEW DECLINED ON OCT.28,1999_ _ZILE Vs. STATE   748 So2d 1012_

11. Did you file any postconviction motions under either Florida Rule of Criminal Procedure 3.800 or 3.850 with the state trial court or any other postconviction motions or petitions for writ of habeas corpus with the state trial court or state appellate court to this judgment and conviction?  Yes (✓) No ( )

12. If you did file any matters within the realm of question 11, answer the following as to each motion or petition.  Attach separate pages as needed for each motion or petition filed.

    (a) The type of motion/petition filed _3.850 INEFFECTIVE ASS OF COUNSEL_

    (b) Date motion/petition filed _SEPT. 22, 2000_

    (c) Name of court _15ᵗʰ JUDICIAL COURT OF PALM BEACH COUNTY_

    (d) Result _DENIED  AUG. 2, 2002_

    (e) Date of result _AUG. 2, 2002_

13. If your motion or petition described in paragraph 12 was denied, did you file an appeal of that denial with the appropriate state appellate court? Yes ( ) No (✓)

    As to each motion or petition (attach separate pages as needed) indicate:

    (a) Name of court where appeal filed : _N/A_

    (b) Date appeal filed _N/A_

    (c) Result _N/A_

    (d) Date of result _N/A_

(Rev. 1/97)

3

A.    Ground one: ( *See  Attached* )
_____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

( *See attached* )
_____

_____

_____

_____

_____

_____

_____

_____

Exhaustion of ground one in the state courts:

(1)    Did you raise ground one in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes (✓)   No ( )

(2)    After your conviction did you raise ground one in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No (✓)

(a)    If your answer is "yes", then state:

i.    Date motion filed _____ *N/A* _____

ii.    Whether you received an evidentiary hearing _____ *N/A* _____

iii.    Result _____ *N/A* _____

iv.    Date of result _____ *N/A* _____

(b)    If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes ( )   No (✓)

[Rev. 1/97]

*4.*

## GROUND ONE

STATE VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS AGAINST SELF-INCRIMINATION AND DUE PROCESS UNDER 5th AMENDMENT AND ARTICLE I, SECTIONS 9 and 23 FLA. CONST. BY DIRECTLY AND INDIRECTLY USING APPELLANTS IMMUNIZED STATEMENT TO TARGET, INVESTIGATE, PROSECUTE AND CONVICT HER.

## STATEMENT OF CASE AND FACT

THE government's case was developed as the direct and indirect product of Pauline Zile's compelled statement. Federal and Florida law require that Pauline Zile be treated as if she had excercised her rights against self-incrimination and said nothing. Pauline Zile's immunity must leave the witness and the Government in substantially the same position as if the witness had claimed her privilege in the absence of a state grant of immunity.

During the KASTIGAR hearing it was brought out that all direct and indirect use of Pauline Zile's of October 27, 1994 should have been prohibited, including use and derivative use for investigatory leads to focus on petitioner, or as a means to motivate other statements to be made by John Zile.

During the testimony at the Kastigar hearing the primary investigator (Sergeant Ed Brochu) and the State Attorney's office (Tony Ross) admitted that Petitioner's

5.

immunized statement disclosed information previously
unknown. See p.15 Appellate brief 1-7.

Once the state learned this information it was
"used" in several forbidden ways to investigate, prosecute
and convict her.

Petitioner's statements provided crucial evidence and
was used in violation of <u>Kastigar</u> in several significant
respects that affected the validity of the charges
and the admission of crucial evidence against her.


A. PAULINE ZILE's STATEMENT WAS OBTAINED WITH
STATE           IMMUNITY STATUTE THAT WAS FACIALLY UNCON-
STITUTIONAL UNDER FLORIDA CONSTITUTIONAL RIGHTS AGAINST
COMPELLED SELF-INCRIMINATION AND PRIVACY

B. BECAUSE SAME PROSECUTORS HEARD STATEMENTS, AND
PROSECUTED TRIAL WITHOUT SEGREGATION OF PROSECUTORS
FROM IMMUNIZED INFORMATION, PETITIONER'S RIGHTS UNDER
FEDERAL AND FLORIDA CONSTITUTION WERE VIOLATED.

C. JOHN ZILE'S STATEMENTS TO POLICE WERE MOTIVATED,
INFLUENCED, AND OTHERWISE ILLEGALLY DERIVED FROM Petitioner's
IMMUNIZED STATEMENT.

D. CONVICTION FOR MURDER MUST BE REVERSED FOR FAILURE
TO EXCLUDE MEDICAL EXAMINER'S TESTIMONY AND FINDINGS.

6.

      i.  If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

*N/A*

_____

      ii.  Date appeal filed, result of appeal, and date of result _____

*N/A*

(3)   Have you raised ground one in any other petition, application, or motion filed in the state courts of Florida?
Yes (✓)   No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal_____

*PETITIONED SUPREME COURT FOR DISCRETIONARY*

*REVIEW. GRANTED REVIEW ON FEB. 26, 1999. DECLINED*

*ON OCT. 28, 1999*

*ZILE VS. STATE   748 So. 2d 1012*

_____

B.    Ground two: *(SEE ATTACHED)*

Supporting **FACTS** (tell your story *briefly* without citing cases or law):

*(SEE ATTACHED)*

_____

_____

_____

_____

_____

_____

_____

7.

## Ground Two

CIRCUIT COURT ABUSED DISCRETION IN DENYING Petitioner's MOTION FOR CHANGE OF VENUE, WHEN SATURATION OF COMMUNITY BY HIGHLY INFLAMMATORY PRETRIAL PUBLICITY IN PRINT AND BROADCAST MEDIA DEPRIVED APPELLANT OF A FAIR TRIAL BY AN IMPARTIAL JURY IN PALM BEACH COUNTY.

Petitioner had a Federal and Florida constitutional right to a fair trial by evidence not a "trial by newspaper" and other media.
The record of Petitioner's compelled a change of venue.
Defense counsel's investigator documented without contradiction by the State, over 800 pretrial newspaper articles publicizing the case. T9,936, 952,953 and 6 to 8 hours of pretrial television video, which reached a large portion of the population. The volume alone should be enough to compel a change of venue.
The content of all the material was highly inflammatory and could not be viewed as mere objective reporting. That the pretrial publicity here aroused passions and prejudice to Petitioner's right to a fair trial is the most significant distinguishing factor establishing prejudice.

8.

One of the foremost categories of prejudicial and inflammatory coverage was the persistent connection made between Pauline Zile and Susan Smith, who drowned her two children and concocted a hoax that the children had been kidnapped during a carjacking by a black man. This link between Petitioner and Susan Smith, including national cover stories, caused a level of prejudicial sentiment against Mrs. Zile that was unique and extraordinary.

Many of the juror's responses on voir dire reflected their exposure to the publicity, emphasizing a Zile/Smith parallel.

Comments by law enforcement and prosecutors created an atmosphere of prejudicial hostility towards Petitioner.

Some editorials celebrated pre-trial rulings against Pauline Zile and condemned decisions in her favor, others condemned Pauline Zile and her attorney.

Several newspapers and TV stations publicized Pauline Zile's immunized statements and John Zile's confession.

John Zile's inadmissible "jailhouse interview" with a reporter, condemning Pauline Zile was publicized.

9.

In this case 150 out of 190 of the venire candidates (78.9%) were excused for cause based on their inability to set aside their knowledge about the case acquired from pretrial publicity. Four out of five jurors were excused due to the publicity and eight actual jurors <u>knew a substaintial</u> amount about the case.

Pauline Zile's husband John Zile <u>was</u> given a change of venue after a hung jury in his case and Petitioner asserts she should have been granted a change of venue as well.

Exhaustion of ground two in the state courts:

(1)     Did you raise ground two in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes (✓)   No (  )

(2)     After your conviction, did you raise ground two in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes (  )   No (✓)

    (a)     If your answer is "yes", then state:

        i.   Date motion filed _____ *N/A* _____

        ii.  Whether you received an evidentiary hearing _____ *N/A* _____

        iii. Result _____ *N/A* _____

        iv.  Date of result_____ *N/A* _____

    (b)     If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal? Yes (  )   No (✓)

        i.   If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why _____ *N/A* _____

        ii.  Date appeal filed, result of appeal, and date of result _____
        _____ *N/A* _____

(3)     Have you raised ground two in any other petition, application or motion filed in the state courts of Florida?
Yes (✓)   No (  )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal_____

PETITIONED SUPREME COURT FOR DISCRETIONARY REVIEW. REVIEW GRANTED ON FEB. 26, 1999. DECLINED ON OCT. 28, 1999. ZILE Vs. STATE 748 So 2d 1012

[Rev. 1/97]

11.

C.    Ground three: _____ ( S E E   A T T A C H E D ) _____

_____

Supporting **FACTS** (tell your story *briefly* without citing cases or law): _____

_____ ( S E E   A T T A C H E D ) _____

_____

_____

_____

_____

_____

_____

_____

Exhaustion of ground three in the state courts:

(1)    Did you raise ground three in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes (✓)   No ( )

(2)    After your conviction did you raise ground three in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No (✓)

(a)    If your answer is "yes", then state:

i.    Date motion filed _____ N/A _____

ii.   Whether you received an evidentiary hearing _____ N/A _____

iii.  Result_____ N/A _____

iv.   Date of result_____ N/A _____

(b)    If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes ( )   No (✓)

[Rev. 1/97]

12.

<u>Ground Three</u>

TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION
FOR JUDGEMENT OF ACQUITTAL ON CHARGES OF FELONY
MURDER BY AGGRAVATED CHILD ABUSE BECAUSE STATE
FAILED TO PRESENT SUFFICIENT EVIDENCE

The jury convicted Pauline Zile of one count of
aggravated child abuse (Count III) that was the
basis of the first-degree felony-murder conviction
under Count I. The theory of Pauline Zile's liability
was that she failed to affirmatively act to prevent
the death of her child at the hands of <u>John Zile</u>,
a concept of <u>strict liability without exception.</u>
The State also argued that Mrs. Zile was a
"principle" in the death of Christina Holt at the
hands of John Zile.
The State's evidence under both theories was
circumstantial. Under a <u>correctly</u> <u>limited</u>
application of "omission" liability, the evidence
failed to exclude every reasonable hypothesis
except Pauline Zile's guilt, beyond a reasonable doubt.
 At the time of Petitioners trial aggravated child
abuse could be proven in one of four ways, three
relevant here: 1) aggravated battery; 2) willful
torture; and 3) malicious punishment. 827.03(1)
(a), (1)(b); (1)(c) <u>Fla Stat</u> (1984).

13.

The Florida Supreme Court observed that "torture" contained the sole reference to "omissions" and that "wilful acts of omission and neglect that cause "unnecessary or unjustifiable pain and suffering to a child," were part of the "wilful torture" alternative of aggravated child abuse under 827.03 (1) (b).

Under the plain and unambiguous language of 827.01 as it then existed, only torture was specified in the "definitions" section of the statute to include acts of omission. The Florida legislature knew that torture was not the only act of aggravated child abuse proscribed. The legislature deliberately intended to exclude omissions from any other aspect of aggravated child abuse, by its sole inclusion in wilful torture.

The crucial issue is whether the Record contains sufficient circumstantial evidence that Pauline Zile's alleged failure to act caused Christina Holt's death by "unnecessary pain and suffering." The State had to demonstrate Mrs Zile's acts of omission were done with a "wilful" specific intent. The Record in Mrs Zile's case was absent of any evidence that Pauline Zile intentionally and deliberately failed to act in a manner that caused Christina Holt's death.

14.

In the light most favorable to the State, Law "earwitness" Ackerman heard John Zile hitting Christina in the Kitchen of their apartment, causing her to scream and cry. The girl's voice grew "muffled", sounding like it was from further away, making Ackerman "assume" that Mr. Zile and Christina went from the Kitchen to the living room. Ackerman did not hear Mrs. Zile's voice during the alleged punishment, never heard her take part in it, and acknowledged that she could not place Petitioner at any particular location within the apartment during this time. Ackerman did hear Pauline's voice, some 1-2 minutes after hearing the muffled sounds, saying "That's enough John". She heard both the parents trying to get the child to "Wake up".

The medical examiner testified that the only cause of death was lack of oxygen most likely caused by suffocation. Benz found no evidence of brain, neck or skull injuries, damage to internal organs, broken bones or any significant internal injury.

The evidence is consistent with a conclusion that John Zile muffled Christina's voice to Keep other people from hearing her, not to torture her.

A reasonable inference is that his acts alone

15.

caused his stepdaughters death, or he would not have cried "Oh, my God, my God, what did I do?" e.a. The evidence does not support an inference of Mrs. Zile's presence, until she warned "that's enough". The facts are consistent with a realization by Pauline Zile, after the fact, that John Zile's covering of Christina's mouth had lead to her death. These circumstances were not inconsistent with the reasonable hypothesis that Christina's death resulted from accidental or negligent conduct by John Zile.

Pauline Zile could only have failed to prevent Christina's death if she wilfully, and with specific intent, permitted it to occur. The evidence demonstrates that Christina died because John Zile quieted her by blocking her airway. A reasonable hypothesis was that Pauline Zile's lack of action was not the actual or legal cause of unecessary pain and suffering. There was no evidence that Pauline Zile aided or abetted any act committed by John Zile which resulted in the child's death. The jury

could have convicted Pauline Zile as a principle only if the evidence proved she had a "concious intent" that John Zile's acts of agravated child abuse " be done", and by conduct or word

16.

conveyed that intent and assisted her husband in his commission of these acts.

A reasonable inference is that Mrs. Zile did act. Upon hearing the sounds, she came to her child, warned her husband to stop, but it was already too late. The only statement made by Pauline Zile showed discouragement of any such acts.

Pauline Zile's mere presence and/or knowledge is not sufficient proof of guilt as a principal.

17.

i.   If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

_____ *N/A* _____

ii.   Date appeal filed, result of appeal, and date of result_____

_____ *N/A* _____

(3)   Have you raised ground three in any other petition, application, or motion filed in the state courts of Florida?
Yes ( ✓ )   No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

*PETITIONED SUPREME COURT FOR*

*DISCRETIONARY REVIEW. REVIEW GRANTED*

*ON FEB. 26, 1999. DECLINED ON OCT. 28, 1999*

*ZILE Vs. STATE 748 So.2d 1012*

_____

_____

_____

_____

D.   Ground four:   *( SEE ATTACHED )*

Supporting FACTS (tell your story *briefly* without citing cases or law):_____

*( SEE. ATTACHED )*

_____

_____

_____

_____

_____

(Rev. 1/97)

18.

<u>Ground four</u>

TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING IRRELEVANT EVIDENCE OF APPELLANT'S BAD ACTS, PARTICULARLY THOSE OCCURRING AFTER DEATH OF VICTIM, WHEN PREJUDICIAL IMPACT FAR OUTWEIGHED PROBATIVE VALUE

To convict Petitioner of murder, the State relied on evidence which focused the jury's attention on actions taken or known by her and John Zile, after Christina Holt was dead. The evidence includes pleas from the Swap Shop to enlist public assistance to find Christina, Petitioner's selling and/or pawning of Christina's videotapes, school supplies and bicycle, the burial of Christina by John Zile behind the K-Mart store in Tequesta, the purchase of a shovel, tarp and flowers at Home Depot to help bury Christina, that Pauline Zile knew that once John Zile had driven Christina to Tamarind Avenue at night, let her out, and drove away to "teach her a lesson" about wanting to "run away all the time." this evidence was not only featured throughout the trial but was prominent in closing argument. Its admission was an <u>abuse</u> of discretion and fundamental error.
  Prior to the end of trial, Judge Rapp conceded

this evidence had been too prominent, and would have been inadmissible but for defense counsel's silence.

For example, the "Tamarind Avenue" incident did not "tend to prove or disprove" that Petitioner's failure to intervene caused Christina Holt to die from aggravated child abuse.

This testimony was repeated prominently in the State's summation, including several references to the evidence concerning Count IV (keeping Christina from school), that had been dismissed by the trial court. These numerous references to subsequent and prior bad acts or statements were "overkill" on the "coverup" aspect of the case, with only marginal relevance.

Exhaustion of ground four in the state courts:

(1)     Did you raise ground four in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes (✓)   No ( )

(2)     After your conviction did you raise ground four in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes (✓)   No ( )

    (a)     If your answer is "yes", then state:

        i.   Date motion filed _SEPT. 22, 2000_

        ii.  Whether you received an evidentiary hearing _NO_

        iii. Result _DENIED_

        iv. Date of the result _AUG. 2, 2002_

    (b)     If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal? Yes ( )   No (✓)

        i.   If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

        _PROCEDURALLY BARRED_

        ii.  Date appeal filed, result of appeal, and date of result _N/A_

(3)     Have you raised ground four in any other petition, application, or motion filed in the state courts of Florida? Yes (✓)   No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

_SOUGHT DISCRETIONARY REVIEW WITH_
_SUPREME COURT. GRANTED REVIEW ON_
_FEB. 26, 1998. DECLINED ON OCT. 28, 1999._
_ZILE Vs STATE 748 So2d 1012_

A.    Ground  FIVE  (see attached)

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

(see attached)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Exhaustion of ground FIVE in the state courts:

(1)    Did you raise ground FIVE in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( ✓ )   No ( )

(2)    After your conviction did you raise ground FIVE in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No ( ✓ )

    (a)    If your answer is "yes", then state:

        i.    Date motion filed _____ N/A _____

        ii.   Whether you received an evidentiary hearing ___ N/A ___

        iii.  Result ___ N/A ___

        iv.   Date of result ___ N/A ___

    (b)    If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
        Yes ( )   No ( ✓ )

(Rev. 1/97)

22.

<u>Ground Five</u>

TRIAL COURT ABUSED DISCRETION IN DENYING PRE-TRIAL
MOTION FOR SEVERANCE OF OFFENSES, WHERE AGGRAVATED
CHILD ABUSE CHARGES IN COUNTS II, III AND V WERE NOT
EPISODICALLY CONNECTED OR RELATED TO FELONY-MURDER
OFFENSE.

Pauline Zile had a Constitutional right to have a
jury independently determine her guilt or innocense
on <u>each offense</u> charged, or otherwise requiring
severance to insure a fair trial. Severance
was improperly denied.
The circumstances of time, place, nature and
manner in Counts II, III and V were completely
dissimilar to the felony-murder and underlying
felony counts here, for severance purposes. All
that these offenses shared was a common victim,
and a time frame from 1½ weeks to three
months apart, and should not have been joined.
The dissimilarities of each of these offenses meant
that each would not be admissible upon seperate
trials and cannot be harmless error.

23

i.   If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

_____ *N/A* _____

ii.   Date appeal filed, result of appeal, and date of result _____

_____ *N/A* _____

(3)   Have you raised ground *FIVE* ___ in any other petition, application, or motion filed in the state courts of Florida?
Yes (✓)   No (  )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal_____

*PETITIONED SUPREME COURT FOR DISCRETIONARY*

*REVIEW. REVIEW GRANTED ON FEB. 26, 1999.*

*DECLINED ON OCT. 28, 1999*

*ZILE VS. STATE   748 So2d. 1012*

B.   Ground *SIX*   *See attached*

Supporting **FACTS** (tell your story *briefly* without citing cases or law):

*see attached*

<u>Ground six</u>

IMPERMISSIBLE, INFLAMMATORY, AND IMPROPER PROSECUTORIAL CONDUCT AND COMMENTS DURING CLOSING ARGUMENT WERE REVERSIBLE ERRORS.

The State intentionally violated the Court's order denying State's proposed Jury instructions on its theory of Parental criminal liability. the State, despite the Circuit Court's rejection of these instructions argued their content anyway <u>at least nine (9) different times</u> during closing argument, and even <u>visually displayed these rejected jury instructions</u> for the jury's consideration and note-taking <u>throughout closing argument</u>. the State's improper visual display of the rejected jury instructions, and numerous misstatements of the law, undermined the outcome and vitiated the result. Both of Petitioner's Attorney's failed to enforce the court's ruling denying these charges at a crucial juncture and were brought up on Appeal as ineffective assistance.

The State's closing argument featured appeals to sympathy and passions, argued facts <u>NOT</u> in evidence, violated "Golden Rule" Boundaries,

25.

Ridiculed defense and defense counsel which amounted to fundamental error.

The State's closing argument consisted of blatant, diversionary emotional appeals, calling upon sympathy, emotions, and community outrage.

The State's improper comments were emotional appeals used in tandem with several "Golden Rule" arguments.

These comments were compounded by the State's substantial references to and reliance upon inadmissible and inflammatory evidence, including acts occurring after Christina's death. The State continued to argue facts concerning Count IV (keeping Christina from school), even though these facts were no longer in evidence because of a directed verdict granted on this Count. This improper conduct was "deliberate obfuscation of relevant facts."

All of the comments of the prosecutor were cumulative fundamental error.

26.

Exhaustion of ground <sup>SIX</sup> in the state courts:

(1)   Did you raise ground <sup>SIX</sup> in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes (✓)   No (   )

(2)   After your conviction, did you raise ground <sup>SIX</sup> in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes (   )   No (✓)

    (a)   If your answer is "yes", then state:

        i.   Date motion filed _____ N/A _____

        ii.   Whether you received an evidentiary hearing ___ N/A ___

        iii.   Result _____ N/A _____

        iv.   Date of result _____ N/A _____

    (b)   If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal? Yes (   )   No (✓)

        i.   If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why _____
_____ N/A _____

        ii.   Date appeal filed, result of appeal, and date of result _____
_____ N/A _____

(3)   Have you raised ground <sup>SIX</sup> in any other petition, application or motion filed in the state courts of Florida?
Yes (✓)   No (   )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal_____

PETITIONED SUPREME COURT FOR DISCRETIONARY
REVIEW. REVIEW GRANTED ON FEB. 26, 1999
DECLINED ON OCT. 28, 1999
ZILE Vs STATE  748 So 2d 1012

(Rev. 1/97)

27

C.   Ground *SEVEN*   <u>See attached</u>

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):_____

_____ ( See attached )_____

_____
_____
_____
_____
_____
_____
_____
_____

Exhaustion of ground *SEVEN* in the state courts:

   (1)   Did you raise ground *SEVEN* in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( ✓ )   No ( )

   (2)   After your conviction did you raise ground *SEVEN* in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No ( ✓ )

      (a)   If your answer is "yes", then state:

         i.   Date motion filed _____ N/A_____
         ii.  Whether you received an evidentiary hearing ____ N/A____
         iii. Result_____ N/A____
         iv.  Date of result_____ N/A_____

      (b)   If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes ( )   No ( ✓ )

(Rev. 1/97)

28.

# Ground seven

THE TRIAL COURT ERRED IN DENYING Petitioners Motion for Judgement of Acquittal on charges of Aggravated Child ABUSE IN Counts II AND V OF INDICTMENT, SINCE REASONABLE JURY COULD NOT CONCLUDE THESE CRIMES WERE PROVEN BEYOND A REASONABLE DOUBT.

Petitioner was convicted of two seperate and unreleated incidents of aggravated child abuse charged in Counts II and V of the Indictment. Count II charged aggravated child abuse by malicious punishment with evidence from which it was inferred that Pauline Zile slapped her daughter twice and directed profanity at her. There was insufficient circumstantial evidence excluding all reasonable hypothesis of innocence on Count II. In Count V, the State maintained that Mrs. Zile was guilty of malicious punishment by the acts of John Zile throwing Christena onto her bed and spanking her with a belt. Count V fails to support guilt beyond a reasonable doubt.

The State proceeded under a "malicious punishment" theory.

29.

Corporal punishment within the limits of appropriate "parental authority" is not a crime

The record contains no indication that Pauline Zile slapped Christina or used profanity in her presence out of ill will or any motive other than getting to school on time. There were no "false pretenses" in this verbal admonition and physical discipline. There is no evidence that the slapping or swearing was exceedingly cruel or excessive. The profane statements did not directly characterize Christina Holt in a profane way or call her a profane name. There was no evidence of where the two slaps struck Christina or any mark or permanent injury.

This incident was isolated, not the "culmination" of an extended period of punishment.

There appear to be no reported cases where profanity was cited as a basis for a finding of malice. No ill or evil intent can be inferred from the statements Ackerman heard, especially when the profanity did not name Christina a profane name. The evidence did not exclude the very reasonable hypothesis that the conduct involved was permissible and legal discipline and corporal punishment.

i.   If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

_____ *procedurally barred* _____

ii.   Date appeal filed, result of appeal, and date of result_____

_____ *N/A* _____

*SEVEN*

(3)   Have you raised ground ⁷·⁵ in any other petition, application, or motion filed in the state courts of Florida?
Yes (✓)   No (   )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

_____

*PETITIONED SUPREME COURT FOR DISCRETIONARY*

*REVIEW. REVIEW GRANTED ON FEB. 26, 1999.*

*DECLINED ON OCT. 28, 1999*

*ZILE VS. STATE 748 So 2d 1012*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Rev. 1/97)

*31.*

15.  Have you previously filed any petitions, applications, or motions with respect to your judgment and conviction in any federal court?
Yes ( )  No (✓)

16.  If your answer to 15 was "yes", give the following information:

(a)  (1)  Name of court_____ *N/A* _____

(2)  Nature of proceeding and date action filed_____ *N/A* _____

(3)  Grounds raised_____ *N/A* _____

_____

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No ( )  *N/A*

(5)  Result_____ *N/A* _____

(6)  Date of result_____ *N/A* _____

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court_____ *N/A* _____

(2)  Nature of proceeding and date action filed_____ *N/A* _____

(3)  Grounds raised_____ *N/A* _____

_____

_____

_____

_____

_____

[Rev. 1/97]

32.

(4)    Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )  *N/A*

(5)    Result_____ *N/A* _____

(6)    Date of result_____ *N/A* ·_____

(c)    Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion:

(1)    First petition, etc.    Yes ( )   No ( ) *N/A*
(2)    Second petition, etc.   Yes ( )   No ( ) *N/A*

(d)    Date appeal filed ___ *N/A* _____

Result of appeal and date of result ____ *N/A* _____

(e)    If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____ *N/A* _____

_____

_____

_____

_____

17.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (✓)

18.    If you have previously filed a petition for writ of habeas corpus related to this conviction and sentence in federal court, you must first move in the appropriate court of appeal for an order authorizing the federal district court to consider the application. Have you filed such a motion? Yes ( ) No (✓)

If your answer to question 18 is yes, provide the following information:

(a)    Name of court where motion filed ___ *N/A* _____

(b)    Date motion filed _____ *N/A* _____

(c)    Result and date of result____ *N/A* _____

If your answer to question 18 is no, indicate why you failed to do so ___ *N/A* _____

_____

19. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _Ellis AND Guy Rubin_
_4141 N.E. 2ND Ave, Suite 203A Miami, Fl. 33137_

(b) At arraignment and plea _____
_SAME AS ABOVE_

(c) At trial _____
_SAME AS ABOVE_

(d) At sentencing _____
_SAME AS ABOVE_

(e) On appeal _RICHARD BARTMON 1515 N. FEDERAL_
_HIGHWAY SUITE 300 BOCA RATON, Fl. 33432_

(f) In any post-conviction proceeding _PRO. SE_

(g) On appeal from any adverse ruling in post-conviction proceeding _N/A_

20. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (✓)   No ( )

21. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( )   No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
_N/A_

(b) Date and length of sentence to be served in the future: _____
_N/A_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( )   No (✓)

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.


I UNDERSTAND THAT ANY FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS APPLICATION WILL SUBJECT ME TO THE PENALTIES OF PERJURY (A FINE OF $250,000 OR IMPRISONMENT FOR FIVE (5) YEARS, OR BOTH).


I declare that under penalty of perjury that the foregoing is true and correct.

Executed on __9-19-02__
               Date


_Pauline Vile_
               Signature


_____
Signature of Attorney (If Any)


(Rev. 1/97)                    35.

(Rev. 12/96)

# CIVIL COVER SHEET     02-80892

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Pauline Louise Zile

**DEFENDANTS**

Michael Moore et. Al.

**CIV - HURLEY**

**MAGISTRATE JUDGE SORRENTINO**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION     (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY     (See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____